UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV56 HEA |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants St. Louis County, Missouri and Norman Mizell's ("Defendants") Motion to Dismiss [ECF No. 3] filed on March 19, 2012, and its subsequent Motion to Dismiss Counts III and V [ECF No. 11] filed on May 18, 2012. Plaintiff Ryan Anderson did not respond to either motion; however, he did file an Amended Complaint [ECF No. 9] on May 16, 2012.

*Motion to Dismiss [ECF No. 3]*

As addressed above, subsequent to Defendants' March 19, 2012 Motion to Dismiss [ECF No. 3], Plaintiff Anderson–with the Court's permission (*See* ECF No. 8]–filed an Amended Complaint [ECF No. 9]. As such, Defendants' Motion to Dismiss is deemed moot.

*Motion to Dismiss Counts III and V [ECF No. 11]*

Defendants move to dismiss Count III of Plaintiff's First Amended Complaint, which alleges conspiracy. Defendants contend that Plaintiff's Count III-"Conspiracy" claim fails to state a claim upon which relief can be granted. They further allege that Count V–"Negligent Supervision" fails to state a claim against Defendant St. Louis

County upon which relief can be granted. Plaintiff Anderson did not file opposition to these claims.

In *L.L. Nelson Enterprises, Inc., v. County of St. Louis*, 673 F.3d 799, 812 (8th Cir.2012), the 8th Circuit Court of Appeals upheld the intracorporate conspiracy doctrine and opined that a local government entity cannot conspire with itself through its agents acting within the scope of their employment. Said doctrine rings true here, as Defendant Mizell cannot conspire with his employer, St. Louis County. As such, Plaintiff's Count III fails. Plaintiff's Count V also fails. Plaintiff contends that St. Louis County knew or should have known that their employee, Defendant Mizell, had a history of violent behavior and misconduct. Under Section 537.600 R.S.Mo., Defendant St. Louis County possesses governmental immunity and cannot be liable for negligence unless its immunity is waived by one of the statute's exceptions. None of those exceptions are present here, nor does Plaintiff allege they are. As such, Count V fails.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Louis County, Missouri and Norman Mizell's Motion to Dismiss [ECF No. 3] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Counts III and V [ECF No. 11] is **GRANTED**.

Dated this 6th day of September, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE